IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| THE REPUBLICAN PARTY OF TEXAS; JAMES R. DICKEY, in his official capacity as Chairman of The Republican Party of Texas; and DEBORAH HOVDA, <br><br> Plaintiffs, <br><br> v. <br><br> ROLANDO B. PABLOS, in his official capacity as Texas Secretary of State, <br><br> Defendant. | Civil Case No. 1:17-cv-01167 |

**COMPLAINT**

Plaintiffs Republican Party of Texas, James R. Dickey, in his official capacity as Chairman of The Republican Party of Texas, and Deborah Hovda file this Complaint against Defendant Rolando B. Pablos, in his official capacity as Texas Secretary of State ("the State"). In support of this Complaint, Plaintiffs say:

**INTRODUCTION**

1. Plaintiffs bring this suit to protect their constitutional rights to free speech and freedom of association as guaranteed by the First Amendment to the United States Constitution.

2. Section 172.052(a) of the Texas Election Code ("Election Code") prevents the removal of Blake Farenthold's name from the Republican primary election ballot, even though (i) Chairman Dickey received Mr. Farenthold's executed request to be removed from the ballot on December 15, 2017, and (ii) Chairman Dickey, pursuant to Chapter

81.112(a)(4) of the Texas Administrative Code, is not required to submit to Defendant the name of each candidate to be placed on the ballot until December 19, 2017.

3. Due to the incongruity between Sections 172.052(a) and Chapter 81.112(a)(4) of the Texas Administrative Code, as applied to the instant facts, Plaintiffs claim that Section 172.052(a) of the Election Code is unconstitutionally overbroad because it is not narrowly tailored to avoid unnecessary abridgement of Plaintiffs' First Amendment freedoms.

4. Specifically, this is a civil action seeking declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-02 and 42 U.S.C. §§ 1983 and 1988 to bar the enforcement of Section 172.052(a) of the Election Code that, as applied, violates the First Amendment to the United States Constitution.

**JURISDICTION AND VENUE**

5. This case arises under 42 U.S.C. § 1983 and the First Amendment to the United States Constitution; therefore, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a). This Court also has jurisdiction pursuant to the Declaratory Judgment Act, codified at 28 U.S.C. §§ 2201 and 2202.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b).

**PARTIES**

7. Plaintiff Republican Party of Texas is the official statewide organization of the Republican Party. The Republican Party of Texas is located in Travis County, Texas.

8. Plaintiff James R. Dickey is Chairman of The Republican Party of Texas. Chairman Dickey resides in Travis County, Texas.

9. Plaintiff Deborah Hovda is a Republican and registered voter in Texas's 27th Congressional District. Deborah Hovda resides in Nueces County, Texas.

10. Defendant Rolando B. Pablos is the Texas Secretary of State, and he is sued in his official capacity. The Texas Secretary of State is the governmental agency charged with administering and enforcing the provisions of the Election Code at issue in this case. The Executive Division of the Texas Secretary of State is located at 1100 Congress Avenue, Room 1E.8, Austin, Texas 78701. Upon information and belief, Defendant Pablos may be served with process at such address.

## STATEMENT OF FACTS

11. Blake Farenthold currently represents Texas's 27th Congressional District in the U.S. House of Representatives.

12. Mr. Farenthold filed an application for a place on the 2018 general primary election ballot with Chairman Dickey on or before December 11, 2017, in accordance with Section 172.023(a) of the Election Code.

13. Multiple other individuals also filed timely applications for places on the 2018 primary election ballot to run for the office currently held by Mr. Farenthold.

14. On December 14, 2017, Mr. Farenthold announced that he will not seek re-election to the U.S. House of Representatives in 2018. Following that announcement, Mr. Farenthold completed and executed a formal request to withdraw his application for a place on the 2018 primary election ballot on December 14, 2017. *See* EXHIBIT 1.

15. Mr. Farenthold's formal request to withdraw his application for a place on the 2018 primary election ballot was received by Chairman Dickey on December 15, 2017.

16. The Election Code specifies that "[a]n application for a place on the general primary election ballot must be filed not later than 6 p.m. on the second Monday in December of an odd-numbered year." Tex. Elec. Code § 172.023(a). In the instant matter, that date was December 11, 2017.

17. The Election Code requires that "[a]n application for a place on the general primary election ballot must be filed with: (1) the state chair, for an office filled by voters of more than one county; or (2) the county chair or the secretary, if any, of the county executive committee, for an office filled by voters of a single county." Tex. Elec. Code § 172.022(a).

18. The Election Code requires that "the state chair shall certify to the secretary of state for placement on the general primary election ballot the name of each candidate who files with the chair an application that complies with Section 172.021(b)." Tex. Elec. Code § 172.028(a). The Election Code does not specify a deadline by which Chairman Dickey is required to make this certification to the Secretary of State; rather, the statute provides that "[t]he secretary of state may by rule prescribe a deadline by which the state chair must deliver the chair's submission regarding a candidate to the secretary of state. . .." Tex. Elec. Code § 172.029(c).

19. The Texas Administrative Code specifies that, "[b]y not later than the 8th day after the regular filing deadline, the chair shall submit a candidate's information and a notation concerning the candidate's status for all candidates who filed, in accordance with §172.029 of the Texas Election Code." 1 Tex. Admin. Code § 81.112(a)(4).

20. Thus, pursuant to the Texas Administrative Code, Chairman Dickey is required to certify primary candidate names to the Secretary of State by December 18, 2017, eight days after the regular filing deadline of December 11, 2017.

21. Chapter 81.112(a)(4) of the Texas Administrative Code places the deadline for submitting candidate names to the Secretary of State one day before the statute requires Chairman Dickey to notify each county chair that the certification has been posted to the Secretary of State. *See* Tex. Elec. Code § 172.028(b) ("Not later than the ninth day after the date of the regular filing deadline, the state chair shall notify the county chair in each county in which the candidate's name is to appear on the ballot that the certification has been posted by the secretary of state.").

22. In summary: a 2018 Republican candidate for the U.S. House of Representatives must file his or her application with Chairman Dickey by December 11, 2017; Chairman Dickey must then submit the candidate's name to the Secretary of State by December 19, 2017; and Chairman Dickey must then provide notice of the certification to the county chairs by December 20, 2017.

23. The Election Code specifies, "[a] candidate for nomination may not withdraw from the general primary election after the first day after the date of the regular filing deadline for the general primary election." Tex. Elec. Code § 172.052(a). Furthermore, "[a] withdrawal request for the general primary must be filed with the authority with whom the withdrawing candidate's application for a place on the ballot is required to be filed." Tex. Elec. Code § 172.052(b). In other words, the Election Code requires a 2018 Republican candidate for the U.S. House of Representatives to file a withdrawal request with Chairman Dickey by December 12, 2017.

24. The Election Code provides that "[a] candidate's name shall be omitted from the general primary election ballot if the candidate withdraws, dies, or is declared ineligible on or before the first day after the date of the regular filing deadline." Tex. Elec. Code § 172.057.

25. As specified above, Mr. Farenthold's formal request to withdraw his application for a place on the 2018 primary election ballot was received by Chairman Dickey on December 15, 2017.

26. Upon receiving Mr. Farenthold's formal request to withdraw his application for a place on the 2018 primary election ballot, Chairman Dickey promptly forwarded the request to the Secretary of State.

27. Thus, while the Election Code requires a 2018 Republican primary candidate to file a withdrawal request with Chairman Dickey by December 12, 2017, Chairman Dickey is not required to transmit candidate names to the Secretary of State until December 19, 2017 (i.e., seven days later).

**ARGUMENT**

28. The effect of Texas's incongruous statutory requirements is to disallow Mr. Farenthold from withdrawing from the race and having his name removed from the 2018 Republican primary ballot.

29. Mr. Farenthold has announced his intention not to seek re-election in 2018, and he has submitted his formal request to withdraw his application for a place on the 2018 primary election ballot.

30. In instances where it is both administratively possible and practical—as it is here—The Republican Party of Texas does not wish to include the name of any "candidate" on the Republican primary ballot who is not actually running for office.

31. The Secretary of State's rule creates an eight-day period during which Chairman Dickey may transmit candidate names to the Secretary of State. This eight-day period, created by regulation, is an acknowledgment that the Secretary of State will not take any official action with respect to the 2018 primary election ballot until the expiration of the eight-day period.

32. Through the operation of Section § 172.052(a) of the Election Code, which requires withdrawal no later than the day following the regular filing deadline, Mr. Farenthold's name will appear on the Republican primary election ballot against his wishes and in violation of the First Amendment associational rights of The Republican Party of Texas.

33. The United States Supreme Court has long recognized "the right of individuals to associate for the advancement of political beliefs." *Williams v. Rhodes*, 393 U.S. 23, 30 (1968). And "[t]he impact of candidate eligibility requirements on voters implicates basic constitutional rights." *Anderson v. Celebrezze*, 460 U.S. 780, 786 (1983).

34. The right of a political party to control the process by which it determines who its candidates will be was recognized and upheld in *California Democratic Party v. Jones*, 530 U.S. 567 (2000). There, the Court held explained:

> [T]he First Amendment protects "the freedom to join together in furtherance of common political beliefs," *Tashjian*, 479 U.S. at 214-215, which "necessarily presupposes the freedom to identify the people who constitute the association, and to limit the association to those people only," *La Follette*, 450 U.S. at 122. That is to say, a corollary of the right to associate is the right not to associate. "'Freedom of association would prove an empty guarantee if

**COMPLAINT** 7

> associations could not limit control over their decisions to those who share the interests and persuasions that underlie the association's being.'" 450 U.S. at 122, n. 22 (quoting L. Tribe, American Constitutional Law 791 (1978)). . ..
>
> In no area is the political association's right to exclude more important than in the process of selecting its nominee. That process often determines the party's positions on the most significant public policy issues of the day, and even when those positions are predetermined it is the nominee who becomes the party's ambassador to the general electorate in winning it over to the party's views. . ..
>
> Unsurprisingly, our cases vigorously affirm the special place the First Amendment reserves for, and the special protection it accords, the process by which a political party "selects a standard bearer who best represents the party's ideologies and preferences." *Eu*, 489 U.S. at 224 (internal quotation marks omitted). The moment of choosing the party's nominee, we have said, is "the crucial juncture at which the appeal to common principles may be translated into concerted action, and hence to political power in the community." *Tashjian,* 479 U.S. at 216; see also *id.* at 235-236 (Scalia, J., dissenting) ("The ability of the members of the Republican Party to select their own candidate . . . unquestionably implicates an associational freedom"); *Timmons,* 520 U.S. at 359 ("The New Party, and not someone else, has the right to select the New Party's standard bearer" (internal quotation marks omitted)); *id.* at 371 (Stevens, J., dissenting) ("The members of a recognized political party unquestionably have a constitutional right to select their nominees for public office").

*Cal. Democratic Party v. Jones*, 530 U.S. 567, 574-576. The Court held that the State of California may not require a political party's nominees to be selected through a blanket primary in which all voters—and not just the party's members—may vote. The blanket primary system unconstitutionally forced the California Democratic Party to associate with voters who do not share its beliefs, which, in turn, would yield candidate nominees whom it would not have chosen otherwise.

    35.    In short, the State cannot constitutionally force any political party to be represented on the primary election ballot by a candidate with whom it does not wish to associate.

36. That, however, is precisely the effect of Section 172.052(a) in the present matter. By disallowing Mr. Farenthold's withdrawal from the primary election, the State is forcing The Republican Party of Texas to be associated with Mr. Farenthold via his appearance on the primary election ballot. Neither Representative Farenthold nor The Republican Party of Texas desires this outcome.

37. As applied to the instant case, there is no rational basis for the arbitrary December 12th deadline for a candidate to withdraw his or her application for a place on the primary election ballot, especially in light of the facts that (i) Chairman Dickey is not required to transmit the names of the Republican primary candidates to the Secretary of State until December 19th and (ii) the Secretary of State will take no action with respect to the preparation of primary election ballots until *after* December 19th. In other words, there is no rational reason for why Mr. Farenthold's withdrawal cannot be respected and treated as valid under the present circumstances.

38. Permitting Chairman Dickey to recognize and effectuate Mr. Farenthold's withdrawal will not harm—or even impact—the Secretary of State's ballot preparation activities or any other valid governmental interest of the State. In contrast, the recognition and effectuation of Mr. Farenthold's withdrawal will uphold the First Amendment associational rights of The Republican Party of Texas and the voters its represents.

39. In *Anderson v. Celebrezze*, the Supreme Court explained that "[t]he early filing deadline for a candidate in a party's primary election is adequately justified by administrative concerns. Seventy-five days appears to be a reasonable time for processing the documents submitted by candidates and preparing the ballot." 460 U.S. at 800.

40. In the instant matter, the deadline for a candidate's withdrawal is not justified by any identifiable administrative concerns, as the Secretary of State has already acknowledged through its own rule that ballot preparation does not need to begin until *at least* eight days after the regular filing deadline. There is no adequate justification for the incongruity between the requirement that a candidate withdraw from a race by December 12th when the State Chairman has until December 19 to transmit candidate names to the Secretary of State.

41. By enforcing Section 172.052(a) of the Election Code under the facts present, the State is infringing on Plaintiffs' constitutionally protected rights, causing irreparable injury in violation of Plaintiffs' First Amendment rights to freedom of speech and association.

42. Plaintiffs have no adequate remedy at law.

43. For the foregoing reasons, Plaintiffs are seeking a declaratory judgment that Section 172.052(a) of the Election Code is unconstitutionally overbroad because it is not narrowly tailored to avoid unnecessary abridgement of Plaintiffs' First Amendment freedoms.

## COUNT I
## VIOLATION OF FIRST AMENDMENT RIGHTS TO FREE SPEECH AND ASSOCIATION
## (42 U.S.C. § 1983)

44. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

45. The limitations imposed by Section 172.052(a) of the Election Code violates The Republican Party of Texas's associational rights guaranteed by the First Amendment to the United States Constitution.

46.     The State's enforcement of Section 172.052(a) of the Election Code under the instant facts deprives The Republican Party of Texas of its constitutional rights, and the State should be enjoined from enforcing Section 172.052(a) to prevent Mr. Farenthold's name from being removed from the 2018 Republican primary ballot.

47.     Section 172.052(a) of the Election Code, as applied, serves no legitimate governmental purpose.

48.     42 U.S.C. § 1983 applies nationwide against all those who, when acting under the color of state authority, deprive a citizen of the United States, or any person subject to its jurisdiction, his or her constitutional rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1.      A declaration that Section 172.052(a) of the Election Code is unconstitutionally overbroad because it is not narrowly tailored to avoid unnecessary abridgement of Plaintiffs' First Amendment freedoms

2.      Preliminary and permanent injunctions enjoining the State from enforcing Section 172.052(a) of the Election Code, as applied, against Plaintiffs under the instant facts.

3.      All costs and attorney's fees pursuant to 42 U.S.C § 1988 and any other applicable statute or authority.

4.      Any other relief that the Court deems just and appropriate.

5.      For the foregoing reasons, Plaintiffs respectfully request that the Court enter judgment against the State consistent with the relief requested.

Dated: December 15, 2017

                        Respectfully submitted,

                        By: _/s/ Chris K. Gober_____
                        Chris K. Gober
                        Texas Bar No. 24048499
                        cg@gobergreoup.com
                        THE GOBER GROUP PLLC
                        P.O. Box 341016
                        Austin, TX 78701
                        Telephone: (512) 354-1783
                        Facsimile: (877) 437-5755

                        ATTORNEY FOR PLAINTIFFS